# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SIDNEY UPCHURCH, | |
| Petitioner, | Case No. 17-cv-6424 |
| v. | |
| UNITED STATES OF AMERICA, | Judge John Robert Blakey |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

In January 2005, Petitioner Sidney Upchurch ("Petitioner") pled guilty to Counts 1s, 2s, 3s, 8s, 12s, 18s, 22s, and 24s of the superseding indictment. *See United States v. Upchurch*, Case No. 04-cr-00531 [120, 121]. In May 2006, the Court sentenced Petitioner to concurrent terms of 240 months on Counts 1, 2, 8, 12, 18, 22, and 24, and a consecutive term of 84 months on Count 3. *Id.* at [283-2]. Pursuant to 28 U.S.C. § 2255, Petitioner now moves this Court to issue a new sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016), which holds that certain state crimes may not be used to enhance a sentence under the Armed Career Criminal Act. Petitioner asks this Court to resentence him without "the career offender label." Pet.'s Mot. [1] at 11.

Petitioner's motion is denied because the Court did not sentence him as a career offender; rather, the Court sentenced Petitioner pursuant to the terms of his plea agreement. The Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

I. <u>Legal Standard</u>

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).

II. <u>Discussion</u>

A. Petitioner Agreed to the Sentence Imposed

On January 6, 2005, Petitioner was charged in a 26-count superseding indictment. *See United States v. Upchurch, et al.*, No. 04-cr-531 (N.D. Ill.) at [110]. On January 21, 2005, Petitioner pled guilty to the offense pursuant to a written plea agreement. *See id.* at [121]. In the plea agreement, Petitioner acknowledged that he had been charged in the superseding indictment as follows: in Count One with Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951; in Counts Three, Four, Six, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-One, Twenty-Three, and Twenty-Five with using, carrying, and brandishing a firearm during and in relation to a violent crime which may be prosecuted in a Court of the United States, in

violation of 18 U.S.C. § 924 (c)(1)(A); and in Counts Two, Four, Five, Seven, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four, and Twenty-Six with committing a robbery that affected interstate commerce, in violation of 18 U.S.C. § 1951. *Id.* at 2. Petitioner also acknowledged that he "fully understands the nature and elements of the crimes with which he has been charged." *Id.*

Petitioner voluntarily pled guilty "to Counts One, Two, Three, Eight, Twelve, Eighteen, Twenty-Two, and Twenty-Four of the superseding indictment." *Id.* Petitioner's plea agreement incorporated the relevant guideline calculations, specifically noting that Petitioner's combined adjusted offense level was 44. *Id.* at 25. The agreement also noted that, with respect to Count Three, pursuant to "Guideline Section 2K2.4 and Title 18, United States Code, Section 924(c)(1)(A)(ii), the guideline sentence is the minimum term of imprisonment required by statute (84 months), which must be served consecutively to the sentence imposed on Counts One, Two, Eight, Twelve, Eighteen, Twenty-Two, Twenty-Four, and the Stipulated Offense." *Id.* at 26.

The plea agreement expressly included a finding that Petitioner is a career offender:

> CAREER OFFENDER
> (o) Pursuant to Guideline § 2K2.4(c) and Guideline § 4Bl.l, however, defendant is a career offender because he was at least eighteen years old at the time of the instant offense of conviction, the instant offense of conviction is a felony crime of violence, and defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense, namely one conviction for manufacture/delivery of a controlled substance (as described in subparagraph (n)(i) above) and two convictions for burglary (as described in paragraphs (n)(ii) and (iii) above).

3

*Id.* at 27. And it included the applicable guideline range:

> APPLICABLE GUIDELINE RANGE
> (p) Based upon the preliminary calculations set forth above, which result in an offense level of 41 and a criminal history category of VI, and pursuant to Guideline § 4Bl.1(c)(2)(A), the guideline range applicable to defendant for Counts One, Two, Three, Eight, Twelve, Eighteen, Twenty-Two, Twenty-Four, and the Stipulated Offense is 360 months to life imprisonment, followed by an 84-month consecutive sentence for Count Three, which results in a total potential sentence of incarceration of 444 months to life, inclusive.

*Id.* at 27–28.

Despite this range, as part of the plea agreement, the parties "agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of no less than twenty-seven years and no more than thirty-two years." *Id.* at 34.

At the sentencing hearing on May 25, 2006, the Court first reviewed the applicable guideline calculations, the terms of the plea agreement, and the impact the Court's sentence could have on the terms of the plea agreement:

> THE COURT: The defendant understands that the decision to depart from the applicable guideline range rests solely with the Court. However, the plea agreement is governed in part by Federal Rule of Criminal Procedures 11 (c) 1 (c). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of no less than 27 years and no more than 32 years. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose a sentence it deems appropriate.
>
> If the Court accepts and imposes the agreed term of incarceration set forth, the defendant may not withdraw this plea as a matter of right under Federal Rule of

> Criminal Procedure 11 (d). If the Court refuses to impose the agreed sentence of incarceration, thereby rejecting the plea agreement or otherwise refuses to accept the defendant's plea of guilty, this plea agreement shall become null and void, and neither party will be bound thereto. All right. You recall that, Mr. Tunick?
>
> MR. TUNICK [defense counsel]: Yes, Your Honor. Yes, Your Honor. Absolutely. [12-1] at 6.

The Court then gave each side an opportunity to advocate for a particular sentence within the agreed upon range; Petitioner's counsel asked the Court to impose a sentence of 27 years, and the government indicated that it would be satisfied with a sentence anywhere in the range discussed (27 to 32 years). *Id.* at 10-11.

In the end, the Court sentenced Petitioner to 27 years at low end of the agreed upon range. The Court explained its reasons for doing so:

> THE COURT: All right. Mr. Upchurch, this is – this series of robberies is – as I hope you understand, wreaked havoc on the victims and their families. I saw some of the victims testify in this courtroom. I recall the manner in which these crimes took place. The locations were selected in large measure because they were in strip malls that – they had no security, no security personnel. They were in almost every case staffed by women. And the manner in which they took place was usually by Mr. Wynn, who is a formidable physical presence, leading a group of people in and, and rushing the door at closing time. In the one instance one of the victims was met at her home and kidnapped and brought back to the location where the robbery took place. Weapons were displayed. The victims were sometimes bound. There was at least one instance where a firearm was discharged. And in the manner in which you attempted to make your escape and in all those transactions you were right at the top. You were the person who planned them. You were the person who, who made it all, all work. You were in charge of recruiting. You had – even when you didn't go out and directly recruit people, you had the veto power to say yes or – yay or nay. You and Mr.

5

Wynn were most culpable in, in these transactions. I agree with Mr. Hayes, but for the 11(c)1(c) agreement, you'd probably be looking at life in prison. Now, you have cooperated, and that cooperation aided the government, and, and I'm going to take that into account.

DEFENDANT UPCHURCH: Thank you.

THE COURT: I will. At 27 years assuming that you get all of the good time credit that you – you can, you'll serve almost 24 years in prison. So you will be about 65 years old before you're eligible for release. I thought about that long and hard, because my first, my first reaction was that the sentence should be closer to the high end rather than, than the low end. And I thought about it.

\* \* \*

Rather than serving life in prison, should you have the opportunity because of your cooperation to have some life left to you after prison? And 10 years seems to be about, about right, I think. So I'm going to sentence you at the, at the low end of the range agreed to in the, in the plea agreement.

DEFENDANT UPCHURCH: Thank you.

\* \* \*

[THE COURT:] I think that that's sufficient to satisfy the government's interest in deterrence, punishment, and avoidance. I'm not convinced, I'm not convinced that left to your own devices you get it. And if, if you were out tomorrow, you wouldn't go back and do the same kinds of things you did before. I don't think, however, at age 65 you're going to be out doing the things that you've done in the past. So I think that that sentence is, is adequate to accomplish the goals of sentencing in this case.

And, therefore, pursuant to the Sentencing Reform Act of 1984, it's the judgment of the Court that the defendant Sidney Upchurch is hereby committed to the custody of the Bureau of Prisons to be in prison for a term of – somebody check my math. 27 years is 324 months?

MR. HAYES: That's correct, Judge.

*Id.* at 11–14.

In short, the Court did not sentence Petitioner based upon the guidelines, and his designation as a career offender had no impact on the sentence imposed. Instead, the Court imposed a lawful sentence upon the Petitioner pursuant to a valid plea agreement, with a term of custody at the low end of the agreed upon range. As a result, his motion for a reduced sentence is denied. *See, e.g., United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013) ("A defendant who agrees to a specific sentence in a plea agreement under Rule 11(c)(1)(C) generally is not eligible to receive a reduced sentence under § 3582(c)(2) because that statute does not grant relief for sentences based not on a guidelines range, but on an agreed term.").

B. Petitioner is Not Entitled to a Certificate of Appealability

Petitioner does not have the absolute right to appeal the Court's denial of his § 2255 motion; he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). As discussed, Petitioner's claim is factually baseless and without legal merit. Accordingly, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

III.   Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is denied. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c).

Dated:  March 21, 2019

Entered:

John Robert Blakey
United States District Judge